THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
PIO S. KIM
California Bar No. 156679
Assistant United States Attorney
Asset Forfeiture Section
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone:  (213) 894-2589
   Facsimile:  (213) 894-7177
   E-Mail: pio.kim@usdoj.gov

Attorneys for Plaintiff
United States of America

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CV 05-0965 JSL (FMOx) |
| Plaintiff, | |
| v. | CONSENT JUDGMENT |
| $61,625.00 IN U.S. FUNDS, | |
| Defendant. | |

    On February 7, 2005, plaintiff United States of America (the "government") filed the Complaint for Forfeiture in this action (the "Complaint"), seeking forfeiture of the defendant $61,625.00 in U.S. Currency pursuant to 21 U.S.C. § 881(a)(6). Claimant John Dominick filed his Claim and Answer, denying the government's allegations in the Complaint and claiming that he was the rightful owner of the defendant.

    For the purposes of this civil forfeiture action only, and

without admitting or denying the allegations by the government, the parties have agreed to settle this action and to avoid further litigation by entering into this consent judgment.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties, HEREBY ORDERS, ADJUDGES, AND DECREES:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

2. The Complaint states claims for relief pursuant to 21 U.S.C. § 881(a)(6).

3. Notice of this action has been given as required by law. No appearance has been made in this action by any person other than claimant John Dominick, and the time to file claims and answers has expired. The Court deems that all other potential claimants admit the allegations of the Complaint to be true, and hereby enters default against all other potential claimants.

4. $10,000 of the defendant $61,625 shall be returned to claimant, through a check made payable to "John Dominck and Law Office of Colleen O'Hara Client Trust Account" mailed within 60 days of entry of this judgment. The check shall be mailed to Ms. Colleen O'Hara at 1410 Second Street, Suite 302, Santa Monica, California 90401.

5. The remaining $51,625 of the defendant $61,625 and any interest accrued on the defendant $61,625 shall be forfeited to the United States, which shall dispose of the same according to law.

6. Claimant hereby releases the United States of America, the State of California, all counties, municipalities and cities

within the State of California, and any of foregoing's agencies, departments, offices, agents, employees and officers, including, but not limited to, the United States Attorney's Office, the Drug Enforcement Administration, and any of foregoing's employees and agents, from any and all known or unknown claims, causes of action, rights and liabilities, including, without limitation, any claim for attorney's fees, costs, or interest which may be now or later asserted by or on behalf of the claimants, arising out of or related to this action or to the seizure or possession of the defendant. Claimant represents and agrees that he has not assigned and is the rightful owners of such claims, causes of action and rights.

7.  Claimant hereby agrees to hold harmless, indemnify and defend the United States of America, the State of California, all counties, municipalities and cities within the State of California, and any of foregoing's agencies, departments, offices, agents, employees and officers, including, but not limited to, the United States Attorney's Office, the Drug Enforcement Administration, and any of foregoing's employees and agents, from any and all known or unknown claims, causes of action, rights and liabilities, including, without limitation, any claim for attorney's fees, costs, or interest, raised or asserted by a third party in connection with or related to the release of said $10,000 to claimant.

8.  Claimant and the government specifically acknowledge and agree that the agreement between the parties to settle this civil forfeiture action and this resulting Judgment (1) relate to this civil action only, (2) shall not be deemed or interpreted as any

1  admission by claimant of any allegation in the Complaint by the
2  government, and (3) unless specifically provided herein, shall have
3  no effect whatsoever, including, without limitation, res judicata,
4  collateral estoppel, and issue preclusion, on any other proceedings
5  or actions.
6     9.  The parties shall each bear their own attorney's fees and
7  other costs and expenses of litigation.

                                         *Spencer Letts*  MkJS-6
9     DATED:__June 2, 2008    _____
                              UNITED STATES DISTRICT JUDGE

11                         CONSENT
12     The parties consent to judgment and waive any right of appeal.
13     DATED: _____, 2008    THOMAS P. O'BRIEN
                                 United States Attorney
14                               CHRISTINE C. EWELL
                                 Assistant United States Attorney
15                               Chief, Criminal Division
                                 STEVEN R. WELK
16                               Assistant United States Attorney
                                 Chief, Asset Forfeiture Section

18                               ____/s/_____
                                 PIO S. KIM
19                               Assistant United States Attorney

20                               Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

22     DATED: _____, 2008    _____
                                 JOHN DOMINCIK
23                               Claiman

24
       Approved as to form and content.
25

26     DATED: _____, 2008    _____
                                 COLLEEN O'HARA
27
                                 Attorney for claimant
28                               John Dominck

                                -4-